IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Ramone Davis,<br><br>Petitioner,<br>vs.<br><br>Ryan Thornell, et al.,<br><br>Respondents. | No. CV-26-01782-PHX-SPL<br><br>**ORDER** |

The Court has before it, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), the Limited Answer from the Respondents (Doc. 9), and Petitioner's Reply (Doc. 12). Additionally, the Court has also considered the Report and Recommendation ("R&R") from the Magistrate Judge (Doc. 13), Petitioner's Objections (Doc. 16), and Respondents' Response (Doc. 17).[1]

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires

[1] Petitioner has also filed a Reply to the Objection to the R&R (Doc.17). Sur-replies and sur-responses are not authorized by Federal Rule of Civil Procedure 7, any other Federal Rule of Civil Procedure, or the District of Arizona's Local Rules, absent prior leave of court. *See Millenium 3 Technologies v. ARINC, Inc.*, 2008 WL 4737887, at 2 (D. Ariz. Oct. 29, 2008) (regarding surreplies); *Padilla v. Bechtel Const. Co.*, 2007 WL 625927, at 1 (D. Ariz. Feb. 27, 2007) (regarding surresponses). Because it is unauthorized, the Court will not consider it.

specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been thoroughly considered. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by the magistrate judge. The R&R will be adopted in full.

Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge Deborah M. Fine's Report and Recommendation (Doc. 13) is **accepted** and **adopted** by the Court;

2. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

3. That a certificate of appealability is **denied**; and

4. That the Clerk of Court shall enter judgment and **terminate** this action.

Dated this 30th day of September, 2026.

Honorable Steven P. Logan
United States District Judge